**AFFIRMED as MODIFIED and Opinion Filed February 14, 2024**



**In The**

# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-22-01349-CR**

**TONIA RUNNELS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F21-61843-I**

# MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Smith

Appellant Tonia Runnels pleaded no contest to the offense of aggravated assault with a deadly weapon. After hearing the evidence and arguments of counsel, the trial court accepted appellant's plea, found her guilty, and assessed punishment at eight years' confinement. In three issues, appellant asserts that (1) the trial court erred in admitting evidence of statements she made during a custodial interview, (2) she was deprived of effective assistance of counsel, and (3) a family violence finding should be removed from the judgment. We modify the trial court's judgment and affirm the judgment as modified.

## Trial Testimony

Complainant Tonya Williams testified that she and appellant had been best friends for more than thirty years. On December 22, 2021, Williams drove appellant to take a drug test. Afterwards, they went to Williams's godmother's house, where appellant and Williams's godbrother were "drinking and dancing and chilling."

They left, and Williams planned to take appellant home and then pick up another friend, Cynthia Smith, and take Smith to run errands. Williams and Smith lived in the same building. Although their building was a "long way" from appellants' apartment, Williams decided to pick up Smith first after missing the exit to appellant's apartment.

After they arrived, Williams went upstairs and came back down with Smith. Appellant was not in the car, and Smith sat in the front passenger seat. Williams found appellant, who was screaming that she was "ready to go home." Appellant got in the back passenger seat, and she and Williams argued as Williams drove to appellant's apartment.

Williams testified that she got out of the car at appellant's apartment and went around to let appellant out of the car. Appellant then pushed Williams, and Williams pushed her back. Williams pushed appellant to the ground and turned to get back in the car. When appellant got up, Williams saw that appellant had a knife. Williams initially thought appellant was going to stab her tires, but appellant stabbed Williams instead. Williams fought back, punching appellant in the face. Williams was

stabbed multiple times in the back and neck. Williams suffered a collapsed lung, needed multiple blood transfusions, and suffered cardiac arrest.

Dallas Police Officer Tyler Remediz, the first officer at the scene, described it as one of the "worst" he had seen. Appellant was sitting next to Williams and was "upset, possibly intoxicated." According to Remediz, Williams was covered in so much blood that he could not see her injuries. Police did not find a knife or broken glass at the scene.

Dallas Police Detective Alec Lopez testified that he conducted a recorded "in-custody interview" of appellant at police headquarters. According to Lopez, appellant appeared upset and "didn't seem like she wanted to talk too much." Appellant told Lopez that she and Williams had known each other many years, appellant considers Williams a sister, they fought physically that day, and appellant was "just defending [her]self." When Lopez asked appellant to elaborate, she "kind of shut off and requested she have a lawyer present." Lopez terminated the interview. He later learned that the recording device's audio was not working, so the interview was recorded in video only.

Appellant testified that she and Williams had a long friendship, and Williams took appellant to take a drug test for her job as a truck driver so she could "go back on the road." The day before, appellant had asked her boss to wire some money because she could not leave town without paying her rent.

After the drug test, appellant bought a large bottle of vodka; both appellant and Williams drank the vodka. They then went to Williams's godmother's house. As they were leaving, appellant got into the front passenger seat of Williams's car for the ride home. The next thing that appellant knew, they were at Williams's building, appellant was in the driver-side rear seat of the car, and another woman was getting into the front seat. Appellant thought Williams might have drugged her. She and Williams then argued as Williams drove to appellant's apartment.

Appellant further testified that, when they arrived, she was able to open the car door and get out on her own. Williams "jumped up" behind appellant and hit appellant in the head causing appellant's glasses to fall to the ground. Williams continued to hit appellant as appellant was walking, and appellant's phone, headset, and purse also fell to the ground. According to appellant, the two women fought each other "hard" and were rolling on the ground. Appellant received some cuts and scratches on her face as a result of Williams hitting her and their fall to the ground. Williams got up and went back to her car. Police arrived five minutes later.

Appellant testified that, at the time, she felt like she "had been drugged." She did not know how Williams "got that severely cut" because appellant "could hardly see." Appellant denied having a knife or stabbing Williams; she thought Williams's injuries might have been caused by the vodka bottle.

## Admissions of Custodial Statements

In her first issue, appellant contends the trial court erred in permitting the State to introduce her oral statements to Detective Lopez because the police failed to comply with Texas Code of Criminal Procedure article 38.22, which governs the admissibility of statements made by a defendant during custodial interrogation in a criminal proceeding.[1] TEX. CODE CRIM. PROC. ANN. art. 38.22. Appellant did not object to Detective Lopez's testimony about her statements. Therefore, according to the State, she did not preserve her complaint for appellate review. We agree.

Generally, a defendant must comply with Texas Rule of Appellant Procedure 33.1 to present a complaint for appeal. *See* TEX. R. APP. P. 33.1. The defendant must raise a complaint by request, objection, or motion and specifically state her grounds for doing so. *Id.* 33.1(a)(1)(A); *Resendez v. State*, 306 S.W.3d 308, 312

---

[1] Among other things, article 38.22 provides that an oral custodial statement is inadmissible unless:

(1) an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement;

(2) prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;

(3) the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered;

(4) all voices on the recording are identified; and

(5) not later than the 20th day before the date of the proceeding, the attorney representing the defendant is provided with a true, complete, and accurate copy of all recordings of the defendant made under this article.

*Id.* art. 38.22, § 3(a).

(Tex. Crim. App. 2009).  The request, objection, or motion also must be timely, and the defendant must obtain a ruling from the trial court unless the trial court refuses to rule.  TEX. R. APP. P. 33.1(a)(1), (2)(A)–(B).  Rule 33.1 does not apply to errors involving systemic requirements and prohibitions or to waivable rights.  *Mendez v. State*, 138 S.W.3d 334, 352 (Tex. Crim. App. 2004).  Article 38.22 violations, however, are subject to preservation under rule 33.1.  See *Leza v. State*, 351 S.W.3d 344, 353 & n. 28 (Tex. Crim. App. 2011) (complaint of specific article 38.22 violation must be preserved for appeal); *Resendez*, 306 S.W.3d at 313.

Because appellant did not object during Detective Lopez's testimony or otherwise alert the trial court to an article 38.22 violation, her complaint is not preserved for our review.  *See* TEX. R. APP. P. 33.1(a); *e.g.*, *Resendez*, 306 S.W.3d at 313, 316–17 (motion to suppress did not preserve article 38.22 complaint; neither general reference to statute nor argument at hearing raised defendant's complaint on appeal that warnings were not recorded); *Boan v. State*, No. 05-12-00317-CR, 2013 WL 3487403, at *2 (Tex. App.—Dallas July 10, 2013, no pet.) (mem. op., not designated for publication) (appellant's complaint was not preserved for appeal when he never identified specific article 38.22, § 3(a) violation for trial court or prosecutor).  We overrule appellant's first issue.

### Ineffective Assistance of Counsel

In her second issue, appellant asserts that trial counsel's failure to object to Detective Lopez's testimony regarding her custodial statements constituted

ineffective assistance of counsel. Appellant maintains that the evidence of her statements was inadmissible because the State did not show that (1) she was given the required article 38.22 warnings, (2) she knowingly, intelligently, and voluntarily waived the rights set out in the warning, (3) the recording device was capable of making an accurate recording, (4) the operator was competent, (5) the recording was accurate and had not been altered, and (6) all the voices on the recording were identified. *See* TEX. CODE CRIM. PROC. art. 38.22 § 3(a). Appellant further asserts that there was "no reason not to object" to the article 38.22 violation and, without the evidence, there is a reasonable probability that the trial court would have a reasonable doubt about appellant's guilt.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient and (2) a reasonable probability exists that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008). The defendant bears the burden of proving both *Strickland* prongs by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

The right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel, and a sound trial strategy may be imperfectly executed. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Counsel's performance is deficient if it falls below an objective standard of reasonableness.

*Johnson v. State*, 624 S.W.3d 579, 585 (Tex. Crim. App. 2021) (citing *Strickland*, 466 U.S. at 688). "It is not sufficient that the appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *See id.* (quoting *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007)).

There is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance" and that counsel's conduct constituted sound trial strategy. *Id.* at 586 (quoting *Thompson*, 9 S.W.3d at 813). To defeat the presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness." *See id.* (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)); *Mata*, 226 S.W.3d at 430. If the record is silent as to trial counsel's strategy, we will not conclude that counsel rendered ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (defendant must demonstrate that there was no plausible reason for particular act or omission). In the majority of cases, appellants are unable to show deficient performance because an undeveloped record does not adequately reflect trial counsel's alleged failings. *See Mata*, 226 S.W.3d at 430.

Appellant claims that trial counsel rendered ineffective assistance by failing to object to Detective Lopez's testimony about her custodial statements, but she did not raise the issue in a motion for new trial and the record contains no evidence regarding trial counsel's decision not to object. Further, appellant's trial testimony was consistent with her custodial statement that she was "just defending [her]self." Trial counsel's questioning also was consistent with the defensive theory, eliciting testimony that (1) appellant received cuts and scratches during the fight, (2) appellant's glasses and other thing were scattered on the ground, (3) appellant believed she may have been drugged, and (4) no knife was ever located. Self-defense was a focus of trial counsel's closing argument too:

> [appellant's] been consistent that she didn't have a knife, she didn't use a knife, and the only force she used that day was to defend herself. And I think that's what she told the police that day: I was defending myself, I was defending myself.

Thus, trial counsel may not have objected because appellant's custodial statements supported her defense. In contrast, trial counsel did object when the State improperly implied, during closing argument, that appellant ended the custodial interview and requested that a lawyer be present because she could not explain how "Williams got these stab wounds." The trial court sustained the objection.

On this record, we cannot conclude that appellant has demonstrated that trial counsel's conduct was so outrageous that no competent attorney would have engaged in it. Accordingly, appellant has failed to rebut the strong presumption that

trial counsel's performance fell within the wide range of reasonably professional assistance.[2] *See Bone*, 77 S.W. 3d at 833, 836; *e.g.*, *Patterson v. State*, 496 S.W.3d 919, 933 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (when defendant's videotaped statement was consistent with his trial defense, court could not say that trial counsel's failure to seek its exclusion was so outrageous that no competent attorney would have done so). We overrule appellant's second issue.

## Modification of the Judgment

In her third issue, appellant urges the Court to strike an affirmative finding of family violence in the judgment. The State concedes that the judgment should be modified.

We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Although the judgment includes a special finding that appellant was prosecuted for an offense involving family violence, the record does not contain any allegation or evidence of family violence, the State did not request an affirmative finding of family violence, and the trial court made no such finding. Accordingly, we sustain appellant's third issue and modify the

---

[2] Having concluded that appellant failed to rebut the presumption that trial counsel's performance was deficient, we need not consider the second *Strickland* prong. *See Thompson*, 9 S.W.3d at 813.

judgment to delete the special finding of family violence. *See Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.).

## Conclusion

We modify the trial court's judgment to delete the family violence finding. The judgment, as modified, is affirmed.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
221349F.U05

–11–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TONIA RUNNELS, Appellant

No. 05-22-01349-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F21-61843-I.
Opinion delivered by Justice Smith. Justices Molberg and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to **DELETE** the following special finding:

THE COURT FINDS THAT DEFENDANT WAS PROSECTUED FOR AN OFFENSE UNDER TITLE 5 OF THE PENAL CODE THAT INVOLVED FAMILY VIOLENCE. TEX. CODE CRIM. PROC. ART. 42.013.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 14th day of February 2024.